IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ )<br>(DROSPIRENONE) MARKETING, SALES )<br>PRACTICES AND PRODUCTS LIABILITY )<br>LITIGATION ) | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

| | |
|---|---|
| *Pratanya H. Dias, et al. v.*<br>*Bayer Corporation, et al.* | No. 3:11-cv-12336-DRH-PMF |
| *Jessica Lynn Hamouri, et al. v.*<br>*Bayer Corporation, et al.* | No. 3:10-cv-13201-DRH-PMF |
| *Kimberly Harris, et al. v. Bayer HealthCare*<br>*Pharmaceuticals Inc., et al.* | No. 3:10-cv-12949-DRH-PMF |
| *Katrina Hart v. Bayer Corporation, et al.* | No. 3:11-cv-12522-DRH-PMF |
| *Lyndsie Herman v. Bayer HealthCare*<br>*Pharmaceuticals Inc., et al.* | No. 3:13-cv-10354-DRH-PMF |
| *Andrea Johnson v. Bayer HealthCare*<br>*Pharmaceuticals Inc., et al.* | No. 3:11-cv-11128-DRH-PMF |
| *Annie Khan v. Bayer Corporation, et al.* | No. 3:12-cv-11378-DRH-PMF |
| *Angel Laylor v. Bayer HealthCare*<br>*Pharmaceuticals Inc., et al.* | No. 3:10-cv-13669-DRH-PMF |
| *Jennifer K. LeBlanc v. Bayer HealthCare*<br>*Pharmaceuticals Inc., et al.* | No. 3:12-cv-10877-DRH-PMF |
| *April Lopez v. Bayer HealthCare*<br>*Pharmaceuticals Inc., et al.* | No. 3:11-cv-11779-DRH-PMF |
| *Jamie Lynn Lopez v. Bayer Corporation, et al.* | No. 3:10-cv-12831-DRH-PMF |
| *Andrea Lorton v. Bayer Corporation, et al.* | No. 3:10-cv-10130-DRH-PMF |
| *Amrie Lott v. Bayer HealthCare*<br>*Pharmaceuticals Inc., et al.* | No. 3:12-cv-10878-DRH-PMF |

| | |
|---|---|
| *Casandra Malmberg v. Bayer Corporation, et al.* | No. 3:11-cv-10177-DRH-PMF |
| *Natalie Mann v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:13-cv-10349-DRH-PMF |
| *Natalie Marcotte v. Bayer Corporation, et al.* | No. 3:12-cv-10768-DRH-PMF |
| *Jessica K. Martin v. Bayer Corporation, et al.* | No. 3:13-cv-10293-DRH-PMF |
| *Kassondra Martinez v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:11-cv-11182-DRH-PMF |
| *Elizabeth Matey v. Bayer Corporation, et al.* | No. 3:11-cv-13097-DRH-PMF |
| *Laura McClellan v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:11-cv-11485-DRH-PMF |

## ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

**HERNDON, District Judge:**

On December 9, 2014, Bayer filed a motion to dismiss with prejudice, pursuant to Case Management Order 60 ("CMO 60"), the above captioned plaintiffs' claims for failure to submit complete Claim Package Materials.[1]

Pursuant to the Court's local rules, the plaintiffs had 30 days to file a responsive pleading. None of the above captioned plaintiffs filed a responsive pleading. At the expiration of the responsive pleading deadline, as is required under CMO 60, the motion was considered by Special Master Stephen Saltzburg.[2] On January 26, 2015, Special Master's Saltzburg's report and recommendation

---

[1] Pursuant to the "Settlement Agreement," Exhibit A to CMO 60, plaintiffs enrolled in the Gallbladder Resolution Program are required to submit to the Claims Administrator all the Claim Package Materials identified in Section 3.03(a) of the Settlement Agreement. Section 3.01 of the Settlement Agreement fixed November 18, 2013 as the deadline for submission of a complete Claims Package. The subject motion asserts that the plaintiffs have failed to comply with this requirement.

[2] Section VIII of CMO 60 "appoints Professor Stephen Saltzburg as Special Master to hear motions to dismiss claims that fail to comply with the terms of the Agreement, and to recommend to this Court rulings on such motions, as specified in the Agreement" (Doc. 2739 p. 8).

2

relating to the above captioned cases was docketed. In each case, Special Master Saltzburg found that the subject plaintiffs failed to comply with the requirements of CMO 60 and recommended that the subject plaintiffs' claims be dismissed with prejudice in accord with the requirements of CMO 60.

The parties were given 14 days to respond or object to Special Master Saltzburg's report and recommendation. The deadline for responding or objecting to the Special Master's report has expired. None of the above captioned plaintiffs have responded or objected.

Upon consideration of Bayer's motion to dismiss, the Special Master's report, and the requirements of CMO 60, the Court finds that the above captioned plaintiffs have failed to comply with CMO 60.

Accordingly, the claims of the above captioned plaintiffs are **DISMISSED WITH PREJUDICE**.

**FURTHER**, the Court directs the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 13th day of February, 2015.

Digitally signed by David R. Herndon
Date: 2015.02.13 16:12:12 -06'00'

**United States District Judge**

3